UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

OCT 0 7 1998

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| CYNTHIA RODRIGUEZ, <br> JOVITA A. URRUTIA, <br> BEATRIZ HUERTA, & <br> REVERAND ANTHONY HEFNER <br> Plaintiffs, | * <br> * <br> * <br> * <br> * <br> * | CIVIL ACTION No. B-98-085 |
| vs. | * <br> * | |
| VIVENTE RAMIREZ, BURNS <br> INTERNAT'L, INC., & <br> UNITED INTERNAT'L <br> INVESTIGATIVE SERVICES <br> Defendants, | * <br> * <br> * <br> * <br> * | |
| BURNS INTERNAT'L, INC. <br> Third-Party Plaintiff, | * <br> * <br> * | |
| vs. | * <br> * | |
| DEPARTMENT OF JUSTICE <br> IMMIGRATION & NATURALIZATION <br> SERVICE, <br> Third-Party Defendant | * <br> * <br> * <br> * | |

## THIRD PARTY DEFENDANT'S ANSWER TO
## THIRD PARTY PLAINTIFF'S COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

The United States of America on behalf of its Agency and named Third-Party Defendant herein, the Immigration and Naturalization Service (INS), by and through James H. DeAtley, United States Attorney for the Southern District of Texas, respectfully files its answer to the Third-Party Plaintiff's Complaint as follows:[1]

I.  Third-Party Defendant lacks knowledge and/or information from which to form a response to the allegation of this paragraph. To the extent that a response is required, Third-Party Defendant denies the allegations of this paragraph.

---

[1] Unless otherwise indicated, the number to the left of the responses correspond with the paragraph numbers of plaintiff's complaint.

II.    This paragraph contains argument of counsel; therefore, no response is required. To the extent that a response may be deemed required, Third-Party Plaintiff has accurately described the process upon which service upon the United States may be perfected.

III    The allegations contained in this paragraph appear to contain counsel's interpretation of the other plaintiffs' claims against the other defendants in this action. Accordingly, these comments may be considered as argument of counsel, thus not requiring a response by the Third-Party Defendant herein.  The Third-Party Defendant admits that it had a contract with Third-Party Plaintiff to provide security at its Detention Center.  All other allegations in this paragraph are denied.

IV.    This paragraph contains argument of counsel; therefore, no response is required. To the extent that a response may be deemed required, the allegations are denied.

All remaining allegations constitute the third party plaintiff's prayer for relief to which no response is required.  However, to the extent that a response may be required, all such allegations, as well as allegations not specifically answered herein, are denied by the Third-Party Defendant.

In addition, Third-Party Defendant specifically denies that Third-Party Plaintiff is entitled to:   (1) a trial by jury; (2) prejudgment interest; or (3) attorneys fees.

Third-Party Defendant submits the following as affirmative defenses to the claims raised by the Third-Party Plaintiff herein.

### FIRST AFFIRMATIVE DEFENSE

Third-Party Plaintiff has failed to state a claim against defendant upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Third-Party Plaintiff's allegations fail for want of subject matter jurisdiction.

### THIRD AFFIRMATIVE DEFENSE

Third-Party Plaintiff's conduct was, if not the sole proximate cause, was in part the proximate cause of its injuries; as such, Texas law on Comparative Liability should apply. See, Texas Civil Practice & Remedies Code, Sections 33.001, et seq.

### FOURTH AFFIRMATIVE DEFENSE

Third-Party Plaintiff is not entitled to prejudgment interest. 28 U.S.C. 2674.

### FIFTH AFFIRMATIVE DEFENSE

Third-Party Plaintiff is not entitled to recover attorneys fees. 28 U.S.C. 2678.

### SIXTH AFFIRMATIVE DEFENSE

Third-Party Plaintiff is not entitled to a trial by jury. 28 U.S.C. 2402.

### SEVENTH AFFIRMATIVE DEFENSE

The Immigration & Naturalization Service is not a proper party for suit under the Federal Tort Claims Act. See 28 U.S.C. 2679(a).

WHEREFORE, PREMISES CONSIDERED, the Third Party Defendant prays that the relief requested by the Third-Party Plaintiff be denied and the Third Party Defendant be awarded costs and such other relief to which it may be entitled.

Respectfully submitted,

JAMES H. DeATLEY
UNITED STATES ATTORNEY

NANCY L. MASSO
Assistant United States Attorney
P O. Box 1671
Brownsville, Texas 78522
(956) 548-2554
State Bar No. 00800490

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Third-Party Defendant's Answer to Third-Party Plaintiff's Complaint was mailed via certified mail, return-receipt requested to the following:

Dennis A. Downey
Attorney at Law
1185 FM 802, Suite #3
Brownsville, TX 78521
(Attorney for Plaintiffs)

Manuel Vela
Attorney at Law
Rio Grande Law Center Building
501 E. Tyler, Suite #2
Harlingen, TX 78550
(Attorney for Vicente Ramirez)

Norton A. Colvin, Jr.
Attorney at Law
Rodriguez, Colvin & Chaney
1201 Van Buren St
Brownsville, TX 78520
(Counsel for Burns International)

Robert Whittington
Attorney at Law
Sanchez, Whittington & Janis
101 N Expressway 83
Brownsville, TX 78521-2257
(Attorney for United International)

on this the 7th day of October, 1998.

*/s/ Nancy L. Masso*
NANCY L. MASSO
Assistant United States Attorney

ClibPDF - www.fastio.com