IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CYNTHIA RODRIGUEZ, JOVITA A. URRUTIA, BEATRIZ HUERTA and ANTHONY HEFNER | § § § § | |
| Plaintiffs, | § § | |
| VS. | § | CIVIL ACTION NO. B-98-085 |
| | § | |
| VICENTE RAMIREZ, BURNS INTERNATIONAL, INC., and UNITED INTERNATIONAL INVESTIGATIVE SERVICES | § § § § § | |
| Defendants, | § § | |
| BURNS INTERNATIONAL, INC. Third-Party Plaintiff, | § § § | |
| VS. | § § | |
| DEPARTMENT OF JUSTICE IMMIGRATION & NATURALIZATION SERVICES | § § § | |
| Third-Party Defendant | § | |

**PLAINTIFFS' RESPONSE TO DEFENDANT
BURNS LATEST SUMMARY JUDGMENT MOTION**

TO THE HONORABLE JUDGE OF SAID COURT:

1. Defendant Burns has (unsuccessfully), previously presented essentially the same motion to state court.

2. The only thing "new" is another self-serving affidavit of James Austgen, same dated September 30, 1998. While the affidavit date is new, the substance of the affidavit is old. Austgen again says "we didn't do it," "we actually tried to help Plaintiffs get hired by UIIS, -- UIIS was required to reduce its workforce by about 40%". Plaintiffs' prior summary judgement responses, incorporated herein by reference, dispute all of those regurgitated

Burns' denials. A jury, as per the last ruling by Judge Euresti, will have to decide what actually happened. Presumably the jury will want to hear how UIIS, if it was reducing its Bayview Detention force by "40%", hired new workers for Bayview even before the effective date of its INS contract.

3. Mr. Austgen also regurgitates his old "our handbook was not intended as a contractual commitment" song and dance. Plaintiffs repeat here, again, that if that were the case, why does the same non-contractual" "policy" booklet specifically, in clear terms, purport to require workers to waive their Seventh Amendment jury trial right and require workers' signatures? The whole idea that a "policy" booklet is not "contractual" is, in intellectual terms, rather silly since the essence of "contract" is mutual consideration (or as the French would say "a bon chat a bon rat") and if employees were not required to follow employment "policies," why would an employer have a "policy" book at all! Logic aside, however, even the extant logic-defying case law (cited previously by both sides) recognizes that "policy" books can be "contractual", depending on the circumstances of each. Again, Plaintiffs repeat the obvious: the "disclaimer" says only that "It is not the intention of the employer, nor shall the issuance of this handbook *create* a contractual relationship". Of course, the handbook is not alleged by Plaintiffs to *create* a contractual relationship, rather, however, to provide some specific terms for employment for those hired. Applying rules of English grammar, the sentence, at best, means that just because someone was given the material, that fact would not *make such person an employee.* Plaintiffs, of course, were hired directly by a Burns' employee, their employment relationship was not *created* by taking possession of the booklet. It is Plaintiffs' position, however, that some of the *terms* of the employment relationship are set out in the policy manual. As stated earlier, the best evidence of Burns'

intent to make the manual, after the hiring event, binding, is rather conclusively shown by the jury waiver clause.

4. Burns latest motion also rehashes the conspiracy/tortious interference issues but adds nothing to their earlier position which was rejected by Judge Euresti. Plaintiffs complain of interference *with UIIS contracts*, not Burns' own contract, and, the conspiracy is alleged between at least three separate entities, only one of which is Burns. Because the wrongful conduct is alleged to be intentional, the Texas Workers Compensation "exclusivity" provisions are not applicable. Because no state or federal law purports to exclusively address conspiracy to violate Title VII (presumably 42 USC §1981 et seq could be applicable, however, such sections are not within their stated domain, exclusive), and, further, no statute, including Title VII, addresses conspiracies which involve, as their illegal goal, *violations of the rights of federal immigration detainees*. Plaintiffs' intervention to try and protect women detainees from the sexual abuse of detention center guards and supervisors was the fundamental reason Plaintiffs were fired. Defendants covered up the sexual abuse by firing guards like Plaintiffs and by instantly deporting those abused women detainees who were sophisticated enough to themselves initiate complaints.

## SUMMARY

The sense that the court should have of this latest attempt by Burns to get out of this case is "been there done that". The Honorable Judge Ben Euresti heard it all before and rejected it, as should this court, peremptorily.

ClibPDF - www.fastio.com

Respectfully submitted,

*/s/ DAD*

Denis A. Downey
State Bar 06085500
Federal I.D. 1186
1185 FM 802, Suite 3
Brownsville, Texas 78521
956 544-0561 / 956 544-0562 (FAX)

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent this 20 day _____, 1998, via the U.S. Mail, first class, postage prepaid, to the following:

Manuel M. Vela
RIO GRANDE LAW CENTER BLDG.
501 Tyler
Harlingen, Texas 78550

Robert Whittington
SANCHEZ, WHITTINGTON & JANIS
100 North Expressway 83
Brownsville, Texas 78521-2257

Laura J. Urbis
RODRIGUEZ, COLVIN & CHANEY, L.L.P.
1201 East Van Buren
P.O. Box 2155
Brownsville, Texas 78522

Nancy L. Masso
Assistant U.S. Attorney
P.O. Box 1671
Brownsville, Texas 78522

Denis A. Downey