/ (

United States District Court
Southern District of Texas
FILED

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

JAN 2 7 1999

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| CYNTHIA RODRIGUEZ, JOVITA A. | * | |
| URRUTIA, BEATRIZ HUERTA and | * | |
| ANTHONY HEFNER | * | |
| | * | |
| VS. | * | CIVIL ACTION NO. B-98-085 |
| | * | |
| VICENTE RAMIREZ, BURNS | * | |
| INTERNATIONAL, INC., | * | |
| UNITED INVESTIGATIVE SERVICES, and | * | |
| U.S. IMMIGRATION AND | * | |
| NATURALIZATION SERVICE | * | |

## BURNS' REPLY MEMORANDUM IN SUPPORT OF
## MOTION FOR SUMMARY JUDGMENT

Burns has moved for summary judgment, and plaintiffs have filed an untimely response.[1]

Burns adds the following brief comments in support of its Motion and in reply to plaintiffs'

response.

### SUMMARY OF CASE STATUS

Most of plaintiffs' claims were dismissed by the state court prior to removal, including

plaintiffs' claims under the employment discrimination statutes. The only remaining claims or

theories of recovery are for tortious interference with employment opportunities, civil conspiracy,

---

[1] Burns' Motion for Summary Judgment was filed on October 6, 1998. Rule 6(E)(1) of
the Local Rules of this Court provides that a response to a motion "must be filed by the
submission day" (*i.e.* 20 days after the motion was filed). Plaintiffs' opposition to the summary
judgment motion was not filed until late November 1998, well after the deadline specified by the
Local Rules of this Court.

PD2:178446 1

CutePDF - www.fenito.com

negligent hiring or supervision, and breach of contract. The first three remaining theories of recovery are premised upon the allegation that plaintiffs were not selected by defendant United to continue working at the Bayview Detention Center after Burns lost the contract with the INS because of an alleged black list made in retaliation for plaintiffs' opposing sexual harassment at Bayview. The breach of contract claim is based on the allegations that plaintiffs were subjected to sexual harassment in violation of a personnel policy prohibiting sexual harassment in the workplace.

Burns has moved for summary judgment on these remaining claims for several independent reasons. First, plaintiffs' claims are preempt and governed exclusively by the federal and state civil rights statutes. Second, the undisputed summary judgment evidence proves that Burns did nothing to prevent plaintiffs from getting hiring by United. Third, plaintiffs' claim of conspiracy is legally flawed because of the lack of involvement of two or more persons to the underlying alleged wrongful act -- interference with their prospective employment with United. Fourth, Burns' personnel policies are not contracts under Texas law. Fifth, plaintiffs' claim of negligence is barred by the Texas Workers' Compensation Act. Burns provided competent summary judgment evidence and case authorities supporting all of these reasons for summary judgment. In response, plaintiffs cited no cases and provided no summary judgment evidence.

## I.     Plaintiffs' Response Does Not Comply With Rule 56 Of The Federal Rules Of Civil Procedure.

Plaintiffs' response fails to comply with the provisions of Rule 56 of the Federal Rules of Civil Procedure. In support of its motion, Burns filed excerpts from the plaintiffs' depositions, documents produced by plaintiffs, and affidavits. The affidavits of representatives of both Burns

and United state unequivocally that Burns did nothing to prevent plaintiffs from getting hired by United at the Bayview Detention Center. The sworn deposition testimony of the plaintiffs confirm that they have no evidence to negate this testimony. Moreover, even assuming the truth of the documents produced by plaintiffs, these documents state that the alleged black list upon which their remaining claims are based was prepared by representatives of the INS, not Burns.[2]

In response to Burns' motion and supporting evidence, plaintiffs produced **NO** summary judgment evidence. Rule 56(e) states in part as follows:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

The Supreme Court has held that Rule 56 "mandates" the entry of summary judgment against a party who is unable, after an adequate time for discovery, to establish the existence of any one element essential to her claim and on which she would bear the burden of proof at trial. Celotex Corp. v. Catrett, 106 S.Ct. 2548, 2552 (1996). As aptly stated by the Supreme Court, "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. Since plaintiffs have offered no evidence that Burns gave them bad

---

[2] These documents were first produced by plaintiffs in April 1998, several months after the state court denied a prior summary judgment motion. For this and other reasons, plaintiffs' response misrepresents that Burns' pending summary judgment motion presents nothing new.

employment references because they had opposed sexual harassment (which is **THE** essential element of their claims), Burns is entitled to summary judgment as a matter of law.

## II.    The Texas Supreme Court Has Recently Confirmed That Plaintiffs Cannot Pursue Claims Of Retaliation Under Common Law Theories.

In its original memorandum, Burn cited numerous cases, from both the state and federal courts, holding that Texas common law provides no cause of action for claims alleging unlawful retaliation, as such claims are governed exclusively by state and federal civil rights statutes. The Texas Supreme Court has recently confirmed these cases and held that plaintiffs cannot pursue claims of unlawful retaliation based upon common law theories.

In Austin v. HealthTrust, Inc., 967 S.W. 2d 400 (Tex. 1998), the plaintiff was terminated from her job after she reported alleged unlawful and unethical conduct of another employee. Just like the plaintiffs in the present case, the plaintiff in Austin attempted to pursue claims of retaliatory discharge under common law theories. In affirming summary judgment, the Supreme Court reasoned that the legislature has enacted numerous statutes prohibiting employers from retaliating against persons for opposing unlawful practices in the workplace, and those statutes provide the exclusive procedures and remedies to persons alleging claims of retaliation. The Court held that plaintiffs cannot bypass the procedures and remedies under the statutes by asserting their claims under common law theories, as such a result would thwart the purposes underlying the statutes. As aptly stated by the Supreme Court,

> In enacting statutes that prohibit certain conduct in the employment area, the Legislature has carefully balanced competing interests and policies. This has resulted in statutes not only with diverse protections, but also with widely divergent remedies and varying procedural requirements. . . .

CVAPDF - www.fasoo.com

> . . . . Were we to create a broad-based whistleblower cause
> of action, it would in large part eviscerate the specific measures the
> Legislature has already adopted.

967 S.W. 2d at 403. For the same reasons set forth in <u>Austin</u>, the plaintiffs' present claims of

retaliation asserted under common law theories should be dismissed.

**III.   <u>Plaintiffs' Response Ignores The Texas Supreme Court's Decision In <em>Federal Express Corp. v. Dutschmann</em>, 846 S.W. 2d 282 (Tex. 1993).</u>**

Plaintiffs' response also argues that Burns' employment policies give them the right to

pursue a breach of contract claim in this case. Significantly, plaintiffs' response does not even

<u>allege</u> the policy Burns supposedly violated, much less offer any summary judgment evidence of

the policy or alleged violation.

Moreover, their response completely ignores the Texas Supreme Court's decision in

<u>Federal Express Corp. v. Dutschmann</u>, 846 S.W. 2d 282, 283 (Tex. 1993). The Supreme Court

made clear in <u>Dutschmann</u> that personnel policies and handbooks that merely advise employees

of a company's policies and procedures do not create contractual rights on behalf of employees

that would support a breach of contract claim under Texas law. While plaintiffs may not like the

law and describe it in their response as "rather silly," they are bound by that law in connection

with this case. Since they have offered no summary judgment evidence as to a contractual

obligation that Burns supposedly violated, Burns is entitled to summary judgment.

## SUMMARY

In summary, plaintiffs failed to offer any summary judgment evidence in response to

Burns' motion, as required by Rule 56(e) of the Federal Rules of Civil Procedure. They also

failed to offer any supporting case law in response to the authorities cited by Burns, which are

right on point. Moreover, the Texas Supreme Court has recently confirmed that plaintiffs cannot pursue claims of retaliation under common law theories, and their statutory claims have already been dismissed. For these reasons, as well as the reasons set forth in Burns original motion and memorandum, the remaining claims against Burns should be dismissed with prejudice.

Respectfully submitted,

RODRIGUEZ, COLVIN & CHANEY, L.L.P.

By: _____

NORTON A. COLVIN, JR.
Federal I.D. #1941
State Bar No. 04632100
LAURA J. URBIS
Federal I.D. #15558
State Bar No. 10763775
1201 E. Van Buren St.
P. O. Box 2155
Brownsville, Texas  78522
Telephone: (956) 542-7441
Fax: (956) 541-2170

AND

PHELPS DUNBAR, L.L.P.
THOMAS H. KIGGANS
Texas Bar No. 11393450
445 North Blvd., Suite 701
City National Bank Building
Post Office Box 4412
Baton Rouge, LA   70821-4412
Telephone: (225) 346-0285
Fax: (225) 376-0240

ATTORNEYS  FOR  DEFENDANT,  BURNS INTERNATIONAL, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Burns Reply Memorandum In Support Of Motion For Summary Judgment was served via certified mail, return receipt requested, on the following counsel of record on this the 26 day of January, 1999:

> Denis A. Downey
> Attorney at Law
> 1185 F.M. 802, Suite #3
> Brownsville, Texas 78521
>
> Nancy L. Masso
> Assistant U.S. Attorney
> P. O. Box 1671
> Brownsville, Texas   78522-1671
>
> Manuel M. Vela
> Rio Grande Law Center Bldg.
> 501 East Tyler Street
> Harlingen, Texas   78550
>
> Robert Whittington
> Sanchez, Whittington & Janis
> 100 North Expressway 83
> Brownsville, Texas   78521-2257