IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

APR 0 1 1999

Michael N. Milby
Clerk of Court

| | |
|---|---|
| CYNTHIA RODRIGUEZ, JOVITA A. URRUTIA, BEATRIZ HUERTA and ANTHONY HEFNER | * * * * |
| VS. | * CIVIL ACTION NO. B-98-085 |
| VICENTE RAMIREZ, BURNS INTERNATIONAL, INC., UNITED INVESTIGATIVE SERVICES, and U.S. IMMIGRATION AND NATURALIZATION SERVICE | * * * * * |

### RAMIREZ' MOTION FOR SUMMARY JUDGMENT

COMES NOW, Vicente Ramirez ("Ramirez") and files this Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. In support of this Motion, Ramirez states as follows:

1.

This is a case in which plaintiffs attempt to pursue claims of retaliation in employment under common law theories of recovery. As set forth more fully in Ramirez' supporting memorandum, plaintiffs' claims are preempted and governed exclusively by the civil rights statutes. *See* Cannizzaro v. Neiman Marcus, Inc., 979 F.Supp. 465, 478 (N.D. Tex. 1997); Cook v. Fidelity Investments, 908 F.Supp. 438, 442 (N.D. Tex. 1995); Vincent v. West Texas State University, 895 S.W. 2d 269 (Tex. App.--Amarillo 1995, *no writ*); Stinnett v. Williamson County Sheriff's Dept., 858 S.W. 2d 573 (Tex. App.--Austin 1993, *writ denied*).

2.

Even if their claims were not preempted by the civil rights statutes, plaintiffs have no evidence to support their claims against Ramirez. Their claims are premised on the allegations that Ramirez gave bad employment references concerning them to another employer in retaliation for having reported and opposed sexual harassment. However, their allegations are based on nothing but their speculation and subjective belief, which does not constitute evidence that can prevent summary judgment. See, e.g., Douglas v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996); Ray v. Tandem Computers, Inc., 63 F.3d 429, 434 (5th Cir. 1995). In fact, the only document plaintiffs have produced which support their contention that their employment ended due to unlawful retaliation states that the alleged retaliatory acts were committed by INS officials, **NOT** Ramirez.

For these reasons, which are explained in more detail in the Supporting Memorandum filed with this Motion, Ramirez respectfully requests that this Motion be granted and that plaintiffs' claims against him be dismissed with prejudice. Ramirez further requests that the Court award him such other relief, including costs and attorney's fees, as the Court deems appropriate.

Respectfully submitted,

RODRIGUEZ & RODRIGUEZ

By: *Richard R. Rodriguez* / by permission
Richard R. Rodriguez
1117 East Harrison St.
Harlingen, Texas 78550
Telephone: (956) 425-4992

ATTORNEYS FOR DEFENDANT, VICENTE RAMIREZ

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion for Summary Judgment was served via certified mail, return receipt requested, on the following counsel of record on this the 1st day of April, 1999:

Denis A. Downey
Attorney at Law
1185 F.M. 802, Suite #3
Brownsville, Texas 78521

Nancy L. Masso
Assistant U.S. Attorney
P. O. Box 1671
Brownsville, Texas   78522-1671

Norton A. Colvin, Jr.
Laura J. Urbis
Rodriguez, Colvin & Chaney, L.L.P.
1201 E. Van Buren St.
P. O. Box 2155
Brownsville, Texas   78522

Robert Whittington
Sanchez, Whittington & Janis
100 North Expressway 83
Brownsville, Texas   78521-2257

Thomas H. Kiggans
Phelps Dunbar, L.L.P.
445 North Blvd., Suite 701
P. O. Box 4412
Baton Rouge, LA 70821-4412

*Richard R. Rodriguez / by permission*