

IN THE UNITED DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

APR 1 3 1999

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| CYNTHIA RODRIGUEZ, JOVITA A. URRUTIA, BEATRIZ HUERTA and REVEREND ANTHONY HEFNER | § § § § § § | |
| VS. | § § | CIVIL ACTION NO. B-98-085 |
| VICENTE RAMIREZ, BURNS INTERNATIONAL, INC. UNITED INTERNATIONAL INVESTIGATIVE SERVICES, and U.S. IMMIGRATION AND NATURALIZATION SERVICE | § § § § § § § | |

**DEFENDANT UNITED INTERNATIONAL INVESTIGATIVE SERVICES, INC.'S MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, UNITED INTERNATIONAL INVESTIGATIVE SERVICES, INC. (UIIS), one of the named defendants herein, and files this its Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, and as grounds would show as follows:

I.

This is a case in which plaintiffs attempt to pursue claims of retaliation in employment under common law theories of recovery. As set forth more fully in UIIS' supporting memorandum, plaintiffs' claims are governed exclusively by the civil rights statutes, which preempt common law claims based on harassment and retaliation, and plaintiffs' statutory claims have already been dismissed with prejudice. *See* Cannizzaro v. Neiman Marcus, Inc., 79 F.Supp. 465, 478 (N.D. Tex. 1997); Cook v. Fidelity Investments, 908 F.Supp. 438, 442 (N.D. Tex. 1995); Vincent v. West Texas

<u>State University</u>, 895 S.W. 2d 269 (Tex.App.--Amarillo 1995, *no writ*); <u>Stinnett v. Williamson County Sheriff's Dept.</u>, 858 S.W. 2d 573 (Tex.App.--Austin 1993, *writ denied*).

II.

Even if their claims were not preempted by the civil rights statutes, plaintiffs have no evidence to support their claims against UIIS. Their claims are premised on the allegations that UIIS did not hire them (with the exception of Plaintiff Huerta as to whom all claims have been dismissed) or fired them immediately after hiring them because of allegedly bad employment references concerning them given by Burns in retaliation for having reported and opposed sexual harassment. By way of this motion and the related brief, Defendant will show that there are no genuine issues as to any material fact, and that the Defendant is entitled to judgment as a matter of law on the only remaining causes of action not previously disposed of by summary judgment in State Court, for the following reasons:

1. To the extent Plaintiffs claim some sort of civil conspiracy between Defendants not to hire Plaintiffs, or if hired, to lay them off, such claim must fail as a matter of law because:

    a. Defendant UIIS was free to hire or not hire for any reason.
    b. If the Plaintiffs (other than Huerta) claim they were hired and then laid off (which is denied), Plaintiffs were, at most, "at will" employees and could be discharged at any time with or without cause.
    c. Defendant UIIS could not conspire with its own employee (Defendant Ramirez).
    d. As to any alleged conspiracy between UIIS and Burns, there was no unlawful or overt act committed by any of the alleged parties to the conspiracy, which is an essential element for civil conspiracy, and further because UIIS cannot conspire to interfere with its own contracts.
    e. If Plaintiffs are claiming Defendants conspired to retaliate against them because of their complaints of harassment and discrimination and even if their allegations were true (which is denied by UIIS), the exclusive remedy for such claim would be under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e et.seq. ("Title VII") and the Texas Commission on Human Rights Act, Tex.Lab.Code Ann. Sec. 21 et.seq ("TCHRA"). Such statutory claims have been previously dismissed. They, therefore, cannot now pursue their alleged claims under general tort theory.
    f. Both Plaintiffs Urrutia and Rodriguez, by their own sworn testimony, and Plaintiff Hefner, by documentation produced by him, disprove their factual allegations entirely.

For the above reasons, which are explained in more detail in UIIS' Supporting Memorandum filed with this Motion, UIIS respectfully requests that this Motion be granted and that Plaintiffs' claims be dismissed with prejudice, and for any further relief the Court may deem just and necessary, either at equity or at law.

Respectfully submitted,

SANCHEZ, WHITTINGTON, JANIS
& ZABARTE, L.L.P.
100 North Expressway 83
Brownsville, TX 78521-2284
Telephone: (956) 546-3731
Telecopier: (956) 546-3766

BY: _____
Robert A. Whittington
State Bar No. 21404700
Federal Adm. No. 6990

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing pleading has been served upon all counsel of record, by U.S. Certified Mail, return receipt requested, on this 13th day of April, 1999, to-wit:

Hon. Denis A. Downey
1185 F.M. 802, Suite 3
Brownsville, Texas 78521

Nancy L. Masso
Asst. U.S. Attorney
P. O. Box 1671
Brownsville, Texas 78522-1671

Hon. Tom Kiggans,
PHELPS DUNBAR
445 North Blvd., Suite 701
Baton Rouge, Louisiana 70802

Richard R. Rodriguez
1117 East Harrison St.
Harlingen, Texas 78550

Norton A. Colvin, Jr. and Laura J. Urbis
RODRIGUEZ, COLVIN & CHANEY, L.L.P.
1201 E. Van Buren
Brownsville, Texas 78520

_____
ROBERT A. WHITTINGTON