

IN THE UNITED DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CYNTHIA RODRIGUEZ, JOVITA A. URRUTIA, BEATRIZ HUERTA and REVEREND ANTHONY HEFNER | § § § § § | |
| VS. | § | CIVIL ACTION NO. B-98-085 |
| VICENTE RAMIREZ, BURNS INTERNATIONAL, INC. UNITED INTERNATIONAL INVESTIGATIVE SERVICES, and U.S. IMMIGRATION AND NATURALIZATION SERVICE | § § § § § § § | |

United States District Court
Southern District of Texas
FILED

APR 1 3 1999

Michael N. Milby
Clerk of Court

## DEFENDANT UNITED INTERNATIONAL INVESTIGATIVE SERVICES, INC.'S MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, UNITED INTERNATIONAL INVESTIGATIVE SERVICES, INC.'s (UIIS), Defendant in the above entitled and numbered cause and submits this Memorandum in Support of its Motion for Summary Judgment, and would respectfully show as follows:

I.

United International Investigative Services, Inc. is a private sector corporation which on or about September 27, 1990, contracted with the Immigration and Naturalization Service to provide security services at its Bayview Detention Center. Burns International Security Services, also a private sector corporation, prior to September 27, 1990, had the contract with the Immigration and Naturalization Service at the Bayview Detention Center. Plaintiffs were employed by Burns while Burns furnished security services at the Bayview facility, and were terminated by Burns at the time the Burns contract expired.

By their pleadings and deposition testimony, Plaintiffs made various allegations of mistreating either of themselves or of female detainees at the Bayview facility, and sought by this lawsuit to recover damages from UIIS and other defendants.

On or about March 12, 1993, UIIS filed a Motion and Brief in Support of Motion for Summary Judgment attempting to dispose of all of the issues as a matter of law. On May 11, 1993, the trial court granted Defendant's motion for summary judgment in its entirety. Thereafter, on or about May 28, 1993, Plaintiffs filed for a motion for new trial which was subsequently denied. Thereafter, on or about July 14, 1993, Plaintiffs filed a notice of appeal in Cause No. 13-93-00478-CV in the Court of Appeals, 13th Judicial District, Corpus Christi, Texas. On October 12, 1995, Justice Federico G. Hinojosa, Jr. affirmed for UIIS from the trial court's summary judgment in favor of UIIS the following claims:

1. Employment discrimination and harassment claims on Rodriguez, Urrutia and Hefner;

2. Appellants' claims for intentional infliction of emotional distress;

3. Appellants' claim for false imprisonment and other asserted torts based on Ramirez' acts for which UIIS may be held liable;

4. Huerta's statutory employment discrimination harassment claims; and

5. Huerta's negligence claims for physical or emotional harm arising from her employment with UIIS.

The 13th Court of Appeals reversed the trial court's summary judgment on Appellants' claims against UIIS for:

A. Civil conspiracy; and

B. Huerta's claims against UIIS that UIIS failed to provide health insurance as promised.

These issues were remanded to the trial court for further proceedings. (See **Exhibit #1-** Court of Appeals Thirteenth District of Texas Corpus Christi, Opinion appended to this Defendant's Motion for Summary Judgment and incorporated by reference the same as if fully copied and set forth at length).

Thereafter, UIIS filed it's new Motion for Summary Judgment. Plaintiffs filed their Second Amended Original Petition alleging three causes of action against this Defendant - civil conspiracy, Plaintiff Huerta's claim that she did not receive health insurance and related claims, and Huerta's claim of intentional infliction of emotional distress. The State Court granted summary judgment

dismissing Huerta's claims regarding all health insurance claims and her claim of intentional infliction of emotional distress. Thus, all claims asserted by Huerta have been dismissed. The only remaining claim against this Defendant is one of civil conspiracy asserted by the remaining Plaintiffs, i.e. that Plaintiffs Urrutia, Rodriguez and Hefner were not hired (or if hired, immediately fired) because of a conspiracy between Defendants whereby Burns gave bad employment references concerning them to UIIS in retaliation for having reported and opposed sexual harassment. As to this remaining claim UIIS will demonstrate that there are no remaining issues of material fact and that Defendant UIIS is entitled to a final summary judgment, as a matter of law.

II.

## ISSUES

In this motion, Defendant UIIS will establish the following issues of law which form the basis for Defendant's motion.

1. To the extent Plaintiffs claim some sort of civil conspiracy between Defendants not to hire Plaintiffs, or if hired, to lay them off, such claim must fail as a matter of law because:

   a. Defendant UIIS was under no duty to hire any of the Burns employees and was free to hire or not hire for any reason.
   b. If the Plaintiffs claim they were hired and then laid off (which is denied), Plaintiffs were, at most, "at will" employees and could be discharged at any time with or without cause.
   c. Defendant UIIS could not conspire with its own employee (Defendant Ramirez).
   d. As to any alleged conspiracy between UIIS and Burns, there was no unlawful or overt act committed by any of the alleged parties to the conspiracy, which is an essential element for civil conspiracy, and because UIIS cannot conspire to interfere with its own contracts. (See Deposition excerpts from Plaintiffs Urrutia and Rodriguez attached hereto as Exhibits #2 and #3 and made a part hereof by reference; also, see copy of Affidavit of William Guidice attached hereto as Exhibit #4 and made a part hereof by reference, the original affidavit having been attached as an exhibit to the Motion for Summary Judgment in State Court and part of the record herein.)
   e. If Plaintiffs are claiming Defendants conspired to retaliate against them because of their complaints of harassment and discrimination and even if their allegations were true (which is denied by UIIS), the exclusive remedy for such claim would be under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e et.seq. ("Title VII") and the Texas Commission on Human Rights Act, Tex.Lab.Code Ann. Sec. 21 et.seq ("TCHRA").. They therefore cannot now pursue their alleged claims under general tort theories.

 f. Both Plaintiffs Urrutia and Rodriguez, by their own sworn testimony, and Plaintiff Hefner, by documentation produced by him, disprove their factual allegations entirely.

### III.
### SUMMARY JUDGMENT STANDARD

Rule 56(c) of the Federal rules of Civil Procedure provides that summary judgment is proper if there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. The Supreme Court has interpreted this rule to mandate the entry of summary judgment against a party who is unable, after an adequate time for discovery, to establish the existence of any element essential to her claim and on which she would bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 47 U.S. 317, 322-323, 106 S.Ct. 2548, 2552-53 (1986).

UIIS is entitled to summary judgment for several reasons discussed below.

### IV.
### DISCUSSION AND ARGUMENT IN SUPPORT
### OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

#### A. CIVIL CONSPIRACY

Defendant UIIS was under no duty to hire any of the Burns employees and it was free to hire or not hire for any reason whatsoever.

Plaintiffs Rodriguez, Urrutia and Hefner were terminated on September 21, 1990, at the time the Burns contract expired. Plaintiff Huerta was hired by UIIS on expiration of the Burns contract. Plaintiffs Rodriguez and Urrutia made claims for unemployment benefits, and they did so on the basis that they were terminated as a result of lack of work due to the loss by Burns of the INS contract. **Exhibit #2** - (Deposition of Cynthia Rodriguez Page 31) and; **Exhibit #3** - (Deposition of Jovita A. Urrutia). Thus both Plaintiffs have testified that their employment was terminated solely because the Burns contract expired. Both Plaintiffs further testified that either Burns did nothing with United to prevent them from being hired or they don't know why they weren't hired:

> "Q. (To Urrutia) **So you're saying that during the time Mr. Ramirez worked for United, you believe he kept you from being hired?**
>
> A. Yes, sir.
>
> Q. **You don't contend that Burns kept you from being hired by United do you?**

> A. No, sir."

(Urrutia Depo. At 35)

> Q. (To Rodriguez) **Are you saying that as far as you know, then, their reason for not wanting — for not recommending you for hire related solely to you performance on the job?**
>
> A. I don't know.
>
> Q. You have no idea why they would not recommend you for hire is that what you are saying?
>
> A. Correct.
>
> Q. You don't contend it was for any wrong reason, do you?
>
> A. If it was, I don't know what it was.

(Rodriguez Depo. At 74)   Rodriguez admitted it was a mere guess on her part that her complaint about sexual harassment may have been the reason she was not hired:

> "Q. What facts do you have to support that allegation? Is it only a guess?
>
> A. Could be.
>
> Q. As far as you know sitting here today you're just guessing?
>
> A. It'd be a big guess.
>
> Q. Because you have no facts to support that; am I right?
>
> A. Correct.

(Rodriguez Depo. at 82-83)   Further, Plaintiff Rodriguez, by her own unequivocal testimony, claims no wrongdoing on the part of UIIS:

> "Q. (By Mr. Whittington) Ms. Rodriguez, my name is Robert Whittington, and I have just very few questions for you. I represent United International Investigative Services. And just to follow up from what Mr. Cowley asked you, you've told him you have no complaint against United because you never actually worked for United; is that correct?
>
> A. Correct.
>
> Q. You're not complaining that — in your lawsuit that United has done anything wrong to you; is that correct?

    **A.    Correct."**

(Rodriguez Depo. at 89-90)

Plaintiffs Rodriguez, Urrutia and Hefner applied for and were denied employment by UIIS, and contend in this lawsuit that UIIS refused to hire them because of a "black list" allegedly prepared by Burns personnel.. However, in April 1998, plaintiff Hefner produced a letter allegedly given to him in October 1990, shortly after United took over the contract at Bayview. This letter states that the alleged blacklist was prepared by INS officials, not Ramirez. (See Exhibit B-1 attached to Burns Memorandum in Support of Motion for Summary Judgment which exhibit is incorporated by reference herein).

The plaintiffs' subjective belief about why an employer makes employment decisions is not competent evidence and cannot preclude summary judgment. See, e.g., Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996); Ray v. Tandem Computers, Inc., 63 F.3d 429, 434 (5th Cir. 1995).

To the extent these Plaintiffs claim they were not hired because of some alleged "conspiracy" between Burns International, Inc. and UIIS, this Defendant would submit that it was under no duty to hire any of the Burns employees and was free to hire or not hire for any reason whatsoever. Further as established in the affidavit of William Guidice attached as **Exhibit #4**, because of the reduction of the contract with the Immigration and Naturalization Service, UIIS could only hire 103 employees out of a total of 170 people employed at the facility by Burns. The affidavit further establishes that no information was provided to UIIS about alleged complaints by Plaintiffs of wrongful conduct or sexual harassment and therefore UIIS did not and could not base its decisions to hire or not hire on the existence of such complaints. If Plaintiffs Rodriguez, Urrutia and Hefner claim they were hired (which is denied by this Defendant), the Plaintiffs were, at most, as a matter of law, "at will" employees and could be discharged at any time with or without cause. Eastline and RRR Company v. Scott, 10 S.W. 99 (1888).

As to an alleged conspiracy between UIIS and the Defendant Burns, this theory must also fail not only for the reasons set forth above, but also for the reason that there was no unlawful or overt act committed by any of the alleged parties to the conspiracy, which is an essential element for the claim for civil conspiracy. Times Herald Printing v. Bellow Corp., 820 S.W.2d 206, 215 (Tex.

App. - Houston 1991, *no writ*). In this case Defendant Burns is accused of preparing for Defendant UIIS a list of persons which Burns would not recommend for hire (presumably because they had made claims of sexual harassment). Even taking such an allegation as true, it is accused of doing no more than what Texas courts have acknowledge that an employer is privileged to do, that is to comment to prospective employers regarding the fitness-for-hire of its present or former employees. Butler v. Central Bank and Trust Company, 458 S.W.2d 5, 10, 514 (Tex. App. - Dallas 1970, *no writ*).

Any alleged conspiracy as between UIIS and Defendant Ramirez is not actionable for the reason that such conduct allegedly occurred after Defendant Ramirez became an employee of Defendant UIIS. In effect, Plaintiffs are alleging conspiracies between Defendant UIIS and its employee or agent. This is in effect an attempt to establish a conspiracy on the part of UIIS with itself which, of course, cannot occur. *See* Wilhite v. H.E. Butt Co., 812 S.W.2d 1 (Tex. App. - Corpus Christi - 1991, *no writ*).

"An actionable civil conspiracy is a combination by two or more persons to acomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means". Massey v. Armco Steel Co., 652 S.W.2d 932, 934 (Tex. 1983). The elements of a civil conspiracy are: "(1) two or more persons, (2) an object to be accomplished, (3) a meeting of the minds on the object or course of action, (4) one or more unlawful, overt acts, and (5) damages as the proximate result." Wilhite, 812 S.W. 2d at 5. As a matter of law, a corporation or other company cannot conspire with itself, no matter how many of its agents participate in the complained-of action. *Id.*

Arguably, Plaintiffs could have asserted claims of unlawful retaliation under Title 7 of the Civil Rights Act of 1964, as amended, 42 USC § 2000(e) et seq. (Title 7) or the Texas Commission on Human Rights Act (TCHRA), Texas Labor Code Annotated § 21.001 et seq. (West 1993). However, prior to remaval of this case, the state district court granted summary judgment on all of Plaintiffs' state and federal statutory claims. The summary judgment on those claims was affirmed by the court of appeals. (See Exhibit 1 at 9) Plaintiffs allege that the actions of Defendants in discussing that Plaintiffs had made harassment claims and then UIIS firing or not hiring them because of such constitute a "violation of relevant state and federal law". This is simply an attempt to re-cast those previously dismissed claims under some vague conspiracy theory under the civil

DEFENDANT UNITED INTERNATIONAL INVESTIGATIVE SERVICES
BRIEF IN SUPPORT OF SUMMARY JUDGMENT
L:\DATA\D15\15132\Memo in Support of Fed. SJM.wpd

Page 7 OF 10

rights statutes. The federal and state civil rights statutes provide the exclusive basis for the alleged wrongful acts underlying Plaintiffs' conspiracy claim and inasmuch as a final summary judgment has been rendered against all of Plaintiffs' state and federal statutory claims, those claims cannot now be asserted through some type of conspiracy theory. Stinnett v. Williamson County Sheriff's Department, 858 S.W.2d 573, 577 (Tex. App. - Austin 1993, *writ denied*). Also see, Vincent v. West Texas State University, 895 S.W. 2d 469 (Tex. App. --Amarillo 1995, *no writ*). The federal courts in Texas have also recognized that Title VII and the TCHRA preempt common law claims falling under the scope of those statutes. In Cannizzaro v. Neiman Marcus, Inc., 979 F.Supp. 465 (N.D. Tex. 1997, the plaintiff alleged claims of sex and disability discrimination. Just as the plaintiffs here, the plaintiff in Cannizzaro attempted to assert common law theories of recovery.. The court granted summary judgment, finding that such claims were "preempted by the Texas Commission on Human Rights Act." 979 F.Supp. At 478.

    If Plaintiffs claim a conspiracy between Burns and UIIS to tortiously interfere with their employment contracts or expectation of employment, such claim must fail as a matter of law because UIIS cannot interfere with its own contract. John Masek Corp. v. Davis, 848 S.W.2d 170, 175 (Tex. App. - Houston 1992, *writ denied*). Plaintiffs can therefore not prove an essential element of a civil conspiracy claim, i.e. that two or more persons agreed to accomplish some unlawful objective. Wilhite v. H.E. Butt Co., 812 S.W. 2d 1, 5 (Tex. App. - Corpus Christi 1991, *no writ*). Nor, as previously set forth above, can a corporate defendant conspire with itself or its own employee, even if the employee is named as a separate defendant.

    For all of the above reasons, Defendant UIIS is entitled to summary judgment that Plaintiffs' take nothing on their claims of civil conspiracy. Those claims are therefore final, and plaintiffs cannot resurrect them through general tort theories. There is nothing in the common law which would prohibit UIIS from hiring whomever it chose nor prohibit Burns from recommending for employment whomever it chose.

    Where a cause of action and remedy for its enforcement are derived not from common law but from statute, the statutory provisions are mandatory and exclusive. See Mingas v. Wiley, 286 S.W. 1084, 1087 (Tex. 1926); Employees Retirement System of Texas v. Blaunt, 709 S.W.2d 646, 647 (Tex. 1986); Green v. Aluminum Company of America, 760 S.W.2d 378, 380 (Tex. App.-

Austin 1988, no writ). There being no provision in the common law from Burns informing UIIS these persons had complained of harassment, even if it did so (which has not been shown) their conspiracy claims must fail. Therefore Plaintiffs' claim for civil conspiracy should be dismissed as a matter of law.

## CONCLUSION

In summary, all of the Plaintiffs' remaining claims against UIIS should be summarily dismissed for several reasons. First, their claims of harassment and retaliation are governed exclusively by federal and state civil rights statutes. Such claims having been dismissed, they cannot attempt to re-cast their claims under common law tort theories.

Even if their claims were not preempted by statutory law, their claims should be dismissed because UIIS cannot interfere with its own contracts, thus negating the involvement of two or more persons, as essential element of their claim.

Finally, the Plaintiffs' own testimony and exhibits proves no wrongdoing on the part of either Burns or UIIS. Mere speculation as to why they were not hired is insufficient especially in in light of the summary judgment affidavit evidence of this Defendant.

Plaintiffs claims should therefore be dismissed with prejudice.

Respectfully submitted,

SANCHEZ, WHITTINGTON, JANIS
& ZABARTE, L.L.P.
100 North Expressway 83
Brownsville, TX 78521-2284
Telephone: (956) 546-3731
Telecopier: (956) 546-3766

BY: _____
Robert A. Whittington
State Bar No. 21404700
Federal Adm. No. 6990

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing pleading has been served upon all counsel of record, by U.S. Certified Mail, return receipt requested, on this _13th_ day of April, 1999, to-wit:

Hon. Denis A. Downey
1185 F.M. 802, Suite 3
Brownsville, Texas 78521

Nancy L. Masso
Asst. U.S. Attorney
P. O. Box 1671
Brownsville, Texas 78522-1671

Hon. Tom Kiggans,
PHELPS DUNBAR
445 North Blvd., Suite 701
Baton Rouge, Louisiana 70802

Richard R. Rodriguez
1117 East Harrison St.
Harlingen, Texas 78550

Norton A. Colvin, Jr. and Laura J. Urbis
RODRIGUEZ, COLVIN & CHANEY, L.L.P.
1201 E. Van Buren
Brownsville, Texas 78520

_____
ROBERT A. WHITTINGTON