52

IN THE UNITED DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

DEC 15 2000

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| CYNTHIA RODRIGUEZ, JOVITA A. URRUTIA, BEATRIZ HUERTA and REVEREND ANTHONY HEFNER | § § § § § § | |
| VS. | § § | CIVIL ACTION NO. B-98-085 |
| VICENTE RAMIREZ, BURNS INTERNATIONAL, INC. UNITED INTERNATIONAL INVESTIGATIVE SERVICES, and U.S. IMMIGRATION AND NATURALIZATION SERVICE | § § § § § § | |

**DEFENDANT UNITED INTERNATIONAL INVESTIGATIVE SERVICES, INC.'S
SUPPLEMENT TO IT'S MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, UNITED INTERNATIONAL INVESTIGATIVE SERVICES, INC. (UIIS), one of the named defendants herein, and files this Supplement to its Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure previously filed herein, and would show as follows:

I.

This defendant will not reiterate the grounds or supporting authority previously raised in its Motion for Summary Judgment, but would simply incorporate said Motion and supporting brief by reference. Defendant will set out herein the procedural history of this case and delineate the issues remaining for this Court's consideration.

II.

This case was originally filed in the 197th State District Court against UIIS, Burns International, Inc. and Vicente Ramirez. All plaintiffs and defendant Ramirez were employed by

Burns as security guards at the Bayview Detention Center. UIIS took over security services when the Burns contract ended with the INS. Plaintiff Huerta was hired by UIIS; the other three plaintiffs were not. Defendant Ramirez was also hired by UIIS.

Plaintiffs alleged the following claims against UIIS (as delineated by the Court of Appeals in its opinion attached as Exhibit 1 to UIIS Motion for Summary Judgment): (1) employment discrimination and harassment as to all plaintiffs; (2) intentional infliction of emotional distress as to all plaintiffs (3) false imprisonment and other assaultive torts based on Ramirez's acts for which UIIS may be held liable (4) statutory employment discrimination and harassment claims as to Huerta; (5) negligence for physical or emotional harm as to Huerta arising from her employment with UIIS; (6) UIIS failed to provide health insurance to Huerta as promised; and (7) conspiracy with Burns and Ramirez to not hire Rodriguez, Urrutia and Hefner because they had reported sexual harassment incidents.

All defendants filed Motions for Summary Judgment as to all claims raised by plaintiffs in their First Amended Original Petition. Judge Hester granted the motions on May 3, 1993 dismissing all claims. Plaintiffs appealed and as to UIIS the Court of Appeals affirmed the dismissal of claims (1) through (5) listed above and reversed and remanded claims (6) and (7). The Court of Appeals did not rule on the merits of the conspiracy claim but reversed on a technical defect, i.e. that the grounds were not raised in the motion for summary judgment itself, but in the supporting brief. After remand, defendants (including UIIS) filed new motions for summary judgment as to the issues remanded by the Court of Appeals. Plaintiffs thereafter filed their Second Amended Original Petition, which is the current live pleading before this Court. This pleading, in addition to the issues remanded by the Court of Appeals, alleged on behalf of Huerta against UIIS a claim of intentional infliction of emotional distress because of various alleged acts of UIIS. Thereafter, Judge Hester recused himself and the case was transferred to Judge Euresti of the 107th District Court. On April 29th, 1998, Judge Euresti granted summary judgment in part. A copy of that order is attached as Exhibit 1 and incorporated by reference. UIIS asserts that said order, based on the current pleadings, disposed of all claims by Huerta.

On June 12, 1998, this case was removed to Federal Court following the joinder of the INS as a third party defendant. The summary judgment now before this Court was then filed. Thereafter, Burns and Ramirez settled with plaintiffs and were dismissed from this suit.

III.

The only issues remaining before this Court for consideration in the motion for summary judgment are the civil conspiracy claims of plaintiffs Rodriguez, Urrutia and Hefner. UIIS contends that Judge Euresti's order concluded all claims of Huerta.

As to the conspiracy claims, this defendant would refer this Court to its arguments, summary judgment evidence and authorities contained in the summary judgment and supporting brief. UIIS would further cite Austin v. Health Trust, Inc. 967 S.W. 2d 400 (Tex. 1998) in which the Supreme Court recently confirmed that plaintiffs alleging claims of retaliatory discharge cannot bypass the procedures and remedies under the statutes by asserting their claims under common law theories. UIIS further points out that plaintiffs, in their response to its Motion for Summary Judgment on page 9, admit that the alleged conspiracy is between UIIS and its own employee. Since UIIS cannot conspire with itself, plaintiffs conspiracy claims must fail.

For the above reasons, as well as all reasons set forth in more detail in UIIS' Motion for Summary Judgment and Supporting Memorandum, UIIS respectfully requests that it's Motion for Summary Judgment be granted and that Plaintiffs' claims be dismissed with prejudice, and for any further relief the Court may deem just and necessary, either at equity or at law.

Respectfully submitted,

SANCHEZ, WHITTINGTON, JANIS
& ZABARTE, L.L.P.
100 North Expressway 83
Brownsville, TX 78521-2284
Telephone: (956) 546-3731
Telecopier: (956) 546-3766

BY: _____
Robert A. Whittington
State Bar No. 21404700
Federal Adm. No. 6990

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing pleading has been served upon all counsel of record, by U.S. Certified Mail, return receipt requested, on this 15th day of December, 2000, to-wit:

Denis A. Downey
1185 F.M. 802, Suite 3
Brownsville, Texas 78521

Nancy L. Masso
Asst. U.S. Attorney
P. O. Box 1671
Brownsville, Texas 78522-1671

_____
ROBERT A. WHITTINGTON

CAUSE NO. 92-08-3575-A

| | | |
|---|---|---|
| CYNTHIA RODRIGUEZ, JOVITA A. URRUTIA, BEATRIZ HUERTA and REVEREND ANTHONY HEFNER,<br>　　　　Plaintiffs, | §<br>§<br>§<br>§<br>§ | IN THE 107TH JUDICIAL |
| vs. | §<br>§ | DISTRICT COURT OF |
| VICENTE RAMIREZ, BURNS INTERNATIONAL, INC. and UNITED INTERNATIONAL INVESTIGATIVE SERVICES,<br>　　　　Defendants. | §<br>§<br>§<br>§<br>§ | CAMERON COUNTY, TEXAS |

ORDER GRANTING PARTIAL SUMMARY JUDGMENT

On the 23rd day of October, 1997, came on for hearing before this court Defendant United Investigative Services, Inc.'s Motion for Summary Judgment, and the Court having considered the same, together with the summary judgment evidence and argument of counsel, is of the opinion it should be granted in part. It is, therefore,

ORDERED, ADJUDGED and DECREED that Plaintiff Beatrice Huerta take nothing as to her following claims against Defendant United Investigative Services, Inc.:

1. That said Plaintiff's alleged termination from employment was improper because Defendant United Investigative Services, Inc. allegedly failed to provide health insurance; and

2. Plaintiff's "Fourth Cause of Action" in its entirety for alleged intentional infliction of emotional distress.

It is ORDERED, ADJUDGED AND DECREED that the above claims are dismissed with prejudice.

SIGNED FOR ENTRY this 29th day of April, 1998.



_____
Judge Presiding

COPIES TO; 30 APR 1998
HON. ROBERT A. WHITTINGTON
HON. DENIS A. DOWNEY
HON. THOMAS H. KIGGINS
HON. MANUEL M. VELA
HON. NORTON A. COLVIN JR.