IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JAN 2 2 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| CYNTHIA RODRIGUEZ, JOVITA A. URRUTIA, BEATRIZ HUERTA and ANTHONY HEFNER | § § § § | |
| VS. | § § | CIVIL ACTION NO. B-98-085 |
| VICENTE RAMIREZ, BURNS INTERNATIONAL, INC., UNITED INVESTIGATIVE SERVICES, and U.S. IMMIGRATION AND NATURALIZATION SERVICES | § § § § § § | |

**<u>PLAINTIFFS' COURT-REQUESTED SUPPLEMENT /
SUMMARY TO SUMMARY JUDGMENT RESPONSE</u>**

TO THE HONORABLE COURT:

COME NOW Cynthia Rodriguez, Beatriz Huerta, Jovita Urrutia, and Reverend Anthony Hefner, Plaintiffs herein, and state as follows:

1. The purpose of this response is to clarify the issues pending before the court.

<u>HUERTA</u>

2. Plaintiff Huerta's remaining claims are for fraud and breach of contract. Huerta worked for the new guard company for a significant period of time (unlike the other Plaintiffs). She, like other United employees, were told they were covered by health insurance. As shown by the exhibits submitted by Plaintiffs, Huerta was given the health care benefits booklet and an insurance card. Later, when Huerta became pregnant and presented the card to her health care providers, Huerta found out that the insurance did not exist. Apparently, United had not paid the premiums, opting to pocket the money instead. Huerta's claims are for non-payment of her medical expenses. Accordingly, paragraph 1 of Judge Uresti's order correctly reflects

that Huerta was not *fired* because of a failure to provide health insurance. That paragraph, (See Exhibit "A"), however, does not have any impact on Huerta's *principal* claim, contained and perpetuated in her live pleadings, that United is responsible for her medical expenses. That medical expense claim was specifically preserved on page two of the Court of Appeals opinion.

3. Judge Uresti's second paragraph of the partial summary judgment order also made no change to the court of appeals opinion concerning intentional infliction of emotional distress since the Court of appeals had already eliminated "Appellants' claims for intentional infliction of emotional distress" (see page two of the appellate opinion).

4. United's post-appellate state court motions for summary judgment correctly identified at least seven causes of action which Plaintiffs had asserted. The first three causes of action were ended by the court of appeals (page two of their opinion). Finally, the court of appeals also ended ". . . Huerta's negligence claims for physical or emotional harm arising from her employment with United".

5. Accordingly, and in light of post-appellate amended pleadings filed by Plaintiffs, *the non-Huerta Plaintiffs* have (in addition to post-appeal newly-raised causes of action) the following viable claims (which is the result of Judge Uresti's *partial* summary judgment order and the amended petition):

1- General negligence claims;

2- Civil conspiracy.

## CIVIL CONSPIRACY

6. Plaintiffs asserted that Defendant Burns (a settled-out party) conspired with Defendant United. United's attempts to end that cause of action were rejected previously by Judge

Uresti. United's federal court summary judgment is, therefore, a plea to this court to reverse Judge Uresti. The argument is the same, namely that a conspiracy requires two entities. Plaintiffs asserted, however, that Burns was one entity, United the second. Moreover, since Judge Uresti's denial of summary judgment on this very point, *a third conspirator* was added to the mix since it was alleged by Defendant'sBurns *that the INS* was wrongfully involved in this matter, alleging that INS officers participated in the "blacklist". While Plaintiffs believe that governmental immunity prevents *recovery* against the INS, nonetheless, the INS was a third conspirator. Accordingly, Judge Uresti's order has become even less assailable.

Respectfully Submitted,

_____
DENIS A. DOWNEY
Bar No. 06085500
Federal No. 1186
1185 F.M. 802, Suite 3
Brownsville, Texas 78526-1538
956-544-0561 / 956-544-0562 (FAX)

ATTORNEY FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

     I hereby certify that a true and correct copy of the foregoing was sent this 22nd day of January, 2001, via the U.S. Mail, first class, postage prepaid, to the following:

Robert A. Whittington
SANCHEZ, WHITTINGTON & JANIS, L.L.P.
100 North Expressway 83
Brownsville, Texas 78521-2284

Nancy L. Masso
ASSISTANT UNITED STATES ATTORNEY
600 East Harrison Street, #201
Brownsville, Texas 78520

                                              Denis A. Downey

CAUSE NO. 92-08-3575-A

| | | |
|---|---|---|
| CYNTHIA RODRIGUEZ, JOVITA A. URRUTIA, BEATRIZ HUERTA and REVEREND ANTHONY HEFNER, Plaintiffs, | § § § § § | IN THE 107TH JUDICIAL |
| vs. | § § | DISTRICT COURT OF |
| VICENTE RAMIREZ, BURNS INTERNATIONAL, INC. and UNITED INTERNATIONAL INVESTIGATIVE SERVICES, Defendants. | § § § § § | CAMERON COUNTY, TEXAS |

## ORDER GRANTING PARTIAL SUMMARY JUDGMENT

On the 23rd day of October, 1997, came on for hearing before this court Defendant United Investigative Services, Inc.'s Motion for Summary Judgment, and the Court having considered the same, together with the summary judgment evidence and argument of counsel, is of the opinion it should be granted in part. It is, therefore,

ORDERED, ADJUDGED and DECREED that Plaintiff Beatrice Huerta take nothing as to her following claims against Defendant United Investigative Services, Inc.:

1. That said Plaintiff's alleged termination from employment was improper because Defendant United Investigative Services, Inc. allegedly failed to provide health insurance; and

2. Plaintiff's "Fourth Cause of Action" in its entirety for alleged intentional infliction of emotional distress.

It is ORDERED, ADJUDGED AND DECREED that the above claims are dismissed with prejudice.

SIGNED FOR ENTRY this 29th day of April, 1998.

FILED APR 29

COPIES TO: 30 APR 1998
HON. ROBERT A. WHITTINGTON
HON. DENIS A. DOWNEY
HON. THOMAS H. KIGGINS
HON. MANUEL M. VELA
HON. NORTON A. COLVIN JR.

Judge Presiding