U.S. COURT OF APPEALS
FILED
JUN 18 2002
CHARLES R. FULBRUGE III
CLERK

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 01-41201
Summary Calendar

---

CYNTHIA RODRIGUEZ; JOVITA A. URRUTIA;
BEATRIZ HUERTA; ANTHONY HEFNER, Reverend,

               Plaintiffs-Appellants,

versus

UNITED INTERNATIONAL, Etc.; ET AL.,

               Defendants,

UNITED INTERNATIONAL, Investigative Services,

               Defendant-Appellee.

United States District Court
Southern District of Texas
FILED
AUG 14 2002
Michael N. Milby
Clerk of Court

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-98-CV-85

---

Before KING, Chief Judge, and JOLLY and DeMOSS, Circuit Judges.

PER CURIAM:[*]

  Cynthia Rodriguez, Jovita Urrutia, Beatriz Huerta, and Anthony Hefner appeal from the magistrate judge's *sua sponte* dismissal of their complaint for failure to state a claim upon which relief can be granted. Rodriguez, Urrutia, and Hefner contend that the magistrate judge mischaracterized their civil

---

 [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

conspiracy claims against United International Investigative Services (United) as private whistleblower claims. Huerta argues that the magistrate judge erred in concluding that the state court's partial summary judgment dismissed all of her claims.

We review the magistrate judge's dismissal of an action for failure to state a claim de novo. Blackburn v. City of Marshall, 42 F.3d 925, 931 (5th Cir. 1995).

Appellants Rodriguez, Urrutia, and Hefner have failed to state a valid claim for civil conspiracy under Texas law. Banc One Capital Partners Corp. v. Kneipper, 67 F.3d 1187, 1194-95 & n.10 (5th Cir. 1995); Austin v. Healthtrust, Inc., 967 S.W.2d 400, 401-03 (Tex. 1998); CRSS Inc. v. Runion, 992 S.W.2d 1, 8 (Tex. App.-Houston [1st Dist.] 1995). Accordingly, we AFFIRM the magistrate judge's dismissal of these appellants' complaint for failure to state a claim.

We have reviewed the record and conclude that Huerta's claim that United breached its contract or committed fraud with regard to her health insurance coverage, which was alleged in the third cause of action of the plaintiffs' second amended petition, was not dismissed by the state trial court. The magistrate judge thus erred in determining that the state court had dismissed all of Huerta's health insurance claims. Accordingly, we VACATE the court's order of dismissal only as to this claim. The case is REMANDED for further proceedings consistent with this opinion.

No. 01-41201
-3-

AFFIRMED IN PART, VACATED AND REMANDED IN PART. Costs shall be borne by Appellants.

Case 1:98-cv-00085   Document 61   Filed in TXSD on 08/14/2002   Page 3 of 3